J. J. GARRETT, Appellant, v. DEERING SOUTHWESTERN RAILWAY a Corporation, Respondent.

Springfield Court of Appeals, February 28, 1920.

1. TRIAL: Failure to Instruct on Constructive Notice of Which There was no Evidence Not Error.  In action for value of mules struck by a railroad motor-car, the failure of an instruction to hypothesize the trainmen's constructive knowledge that the mules were on the track and running towards a trestle was not error, where there was no evidence as to where the mules were, or that they were where they could have seen before they were seen on the trestle.

2. EVIDENCE: Statement that Railroad's Servants Could Have Seen Mules Properly Stricken as Conclusion Where no Basis Is Shown.  In an action for the value of mules struck by a railway motor car, where the statements of absent witnesses were admitted as representing what they would testify if present, a statement therein that defendant's agents and servants could have seen the mules

before they ran on a trestle was properly stricken as a conclusion, when not accompanied by facts showing that the mules were ever at a place where they could have been seen before they went on the trestle.

Appeal from Circuit Court of Pemiscot County.—*Hon. Sterling H. McCarty,* Judge.

Affirmed.

*Duncan & Corbett* for appellant.

*Ward & Reeves* for respondent.

FARRINGTON, J.—The appellant (plaintiff) filed suit in the circuit court to recover for the loss of two mules which were injured by having gotten on a trestle on the railroad right-of-way of defendant and were so badly hurt that it was necessary to kill them. The petition filed contained two counts; the first count was a common-law action for negligence, and the second count was based on the statute for failure to fence. At the close of the evidence the plaintiff elected to stand on the common-law or first count and dismissed the second count. The cause as presented to us, therefore, will be considered only on the common-law count.

The petition alleges that the plaintiff was the owner of two black mules of the value of $650, and that they strayed upon the tracks of defendant's railroad at a point about half a mile from Elk's Chute, in Braggadocio Township, Pemiscot County, Missouri; that while said mules were on the tracks and right-of-way of defendant, the agents of defendant were operating and running a certain motor car on which was carried passengers and light freight. It is alleged that the agents and servants of defendant knowing that the mules of plaintiff were upon the track, and seeing the mules on the track, and knowing and seeing that they had become frightened at the car, and knowing that a bridge or trestle was ahead across Elk's Chute, and knowing that said mules

had been frightened, were driven by them toward said bridge, and they knowing, or by the exercise of ordinary care would have known that said mules were frightened and being run into the bridge, and that nevertheless the agents of the defendant carelessly and negligently pursued said mules with said motor car running them onto the bridge or trestle and thereby injuring them. Judgment was asked for $650 and costs.

The answer of defendant was a general denial. A verdict was rendered in favor of the defendant and plaintiff has appealed, alleging as principal error the giving of instructions on behalf of the defendant. We herein set out defendant's instruction No. 1, which plaintiff claims contains the error that runs through all of defendant's instructions. Instruction No. 1, given for defendant, is as follows:

"The court instructs the jury that if you find and believe from the evidence in this case that the two mules in controversy were not seen by the operator of the motor car in question until after the said mules had gotten into the trestle, and that said operator of the motor car did not know that said mules in question were on the railroad track or was running toward the trestle, then plaintiff cannot recover, notwithstanding, you may further find and believe as a matter of fact that said mules were on the road and were frightened by the motor car and caused to run into the trestle and become injured."

The point pressed is that this instruction required the jury to find that the defendant's agents knew that the mules were on the railroad track and were running into the trestle before they could give judgment for plaintiff, and that the instruction should have provided, that if the defendant knew or by the exercise of ordinary care could have known that the mules were on the track and were frightened and running toward the trestle. In other words, it is the constructive knowledge that the mules were on the track that is left out of the instruction and complained of by the plaintiff.

Under the evidence introduced we are unable to agree with the plaintiff that there was error in this regard, as there was a failure to show that the two mules which were injured were ever at a place where they could have been seen by the operators of the motor car at the time and place in question. The evidence on behalf of plaintiff was that four of his mules got on to the defendant's right-of-way at a place other than a station or railroad crossing at night. It further shows that the operators of this motor car had a light on the front of it that would disclose objects ranging from two hundred yards to an eighth of a mile ahead of the car. It is further shown that as the agents of the defendant proceeded along the track they saw two mules on the right-of-way, and that on seeing these two mules the car was slowed down and an alarm sounded; the mules started down the track toward the trestle, which was about half a mile away, the car following, slowing down and giving alarms. Following these mules down nearly to the trestle, the two that were shown to have been seen left the railroad track before getting onto the trestle, and after they had gone from the track the light then disclosed ahead out on the trestle two small black mules which belonged to the plaintiff. The evidence which is lacking in plaintiff's case to hold the defendant on the humanitarian doctrine for the loss of these mules, is that no witness ever testified to the whereabouts of these two black mules after they got on the right-of-way prior to the time they were found out on the trestle. There is no testimony that they were in direct or close proximity of the two mules that left the track and were seen by defendant's agents; there is no proof that they all went down the track together, or that the two little black mules for which the suit is brought were ever close enough to defendant' car, before they got on the trestle, to have been seen by the operators of this motor car.

As we understand the law, before one can be held to have constructive knowledge that a certain animal or object was at the given place there must be some proof

that the animal or object was at the given place at such a time as it could have been seen by the exercise of ordinary care. Had there been any proof in this case that these four mules were seen trotting down the track together, or that the two black mules in front were close enough to the two mules behind that were seen that ordinary vigilance would have discovered them, then the contention made by the plaintiff should be upheld. But to find that the two mules for which the suit was brought were ever at a place where they could have been discerned by ordinary vigilance before they got on the trestle, would be basing a finding on a mere conjecture, as much so as to find that they proceeded down the track ten minutes before the mules which were actually seen, and had gotten onto the trestle before they ever came into the limelight of the motor car.

We must, therefore, hold that plaintiff's evidence failed to show that the mules were ever where they could have been seen by the exercise of ordinary care, and that it was no error to omit that issue from the instructions. Two of plaintiff's witnesses, in a statement filed by plaintiff and admitted by the defendant as to what the witnesses would testify were they at the trial, stated as follows: "The agents and servants of the defendant could have seen the mules on said track before they ran into the trestle." This was stricken out on objection by defendant, and plaintiff excepted. Neither of these witnesses testified that they saw the mules from the time they got on the track until they were afterwards found on the trestle. The statement was clearly a conclusion, with no facts shown to be within the knowledge of the witnesses upon which to base it, and was properly excluded. The witnesses did not possess the knowledge of the primary fact of whether the two mules that were injured were ever at a place that they could have been seen by the operators of the car before they went on the trestle. [Council v. Railroad, 123 Mo. App. 432, 100 S. W. 57.]

The judgment will be affirmed. *Sturgis, P. J.,* and *Bradley, J.,* concur.